UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK          07 CV 7301 (Marrero, J.)

| | |
|---|---|
| DAEYANG SHIPPING CO., LTD.,<br><br>                       Plaintiff,<br>- against -<br><br>STRADCOM LIMITED,<br><br>                       Defendant. | VERIFIED COMPLAINT IN ADMIRALTY |

Plaintiff, by its attorneys, Cichanowicz Callan Keane Vengrow & Textor, LLP, for its complaint in admiralty, alleges on information and belief:

1.    The jurisdiction of this Court is based upon the admiralty and maritime nature of the claims within the meaning of 28 U.S.C. 1333(1) and F.R.Civ.P. 9(h).

2.    Plaintiff is a South Korean corporation with its office and principal place of business in South Korea. At all relevant times, it was the disponent owner of an ocean going vessel named the CABANOS.

3.    Defendant is an alien corporation with its office and principal place of business in the British Virgin Islands, and at all relevant times was the charterer of the CABANOS for a voyage from Barzil to China pursuant to a charter party maritime contract of carriage dated August 11, 2004 between plaintiff and defendant.

4.    Pursuant to the said charter party, there is now due and owing to plaintiff from defendant the amounts of U.S.$132,470.67 in ocean freight charges and U.S. 36,894.00 in demurrage charges, no part of which has been paid although duly demanded.

5.    All conditions precedent have been performed or have occurred.

6. Plaintiff reserves its right to London arbitration under the charter party pursuant to 9 U.S.C. 8. The prevailing party in such arbitrations is entitled to an award of costs, disbursements and attorneys' fees.

7. Because defendant cannot be found within this district within the meaning of Supplemental Admiralty Rule B(1), plaintiff seeks attachment in the amount of $339,364.67 as follows:

$169,364.67  (Principal Amount of Claim)

  70,000.00 (Pre-award interest at 9% compounded annually for four years)

  100,000.00  (Estimated costs and expenses and attorneys' fees)

$339,364.67

WHEREFORE, Plaintiff prays:

(a) That process in due form of law according to the practice of this Court in cases of admiralty and maritime jurisdiction issue against the defendant, citing it to appear and answer under oath all and singular the matters alleged;

(b) That since the defendant cannot be found within the district pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment, pursuant to Rule B of the Supplemental Admiralty Rules and the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all tangible or intangible property in whatever form or any other funds held by any garnishees to be named in the process up to the amount of $339,364.67 which represents plaintiff's good faith estimate of the principal amount, prejudgment interest, attorneys' fees, costs and

disbursements sued for to secure the plaintiff's claim, and that all persons claming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged;

    (c)    That plaintiff have judgment for the amount of its claim together with interest plus the costs and disbursements of this action.

Dated: New York, NY,  August 15, 2007

                            CICHANOWICZ, CALLAN, KEANE,
                            VENGROW & TEXTOR, LLP
                            Attorneys for Plaintiff


                            By: _____Joseph De May, Jr._____
                            Joseph De May, Jr. (JD-9105)
                            61 Broadway, Suite 3000
                            New York, New York 10006-2802
                            (212)344-7042

ATTORNEY VERIFICATION

JOSEPH De MAY, JR. declares that the following statement is true under the penalties of perjury:

1. I am over 18 years of age, of sound mind, capable of making this verification and fully competent to testify to all matters stated herein.

2. I am attorney for the plaintiff in this action and I am fully authorized to make this verification on its behalf.

3. I have read the foregoing complaint, and the contents thereof are true and accurate to the best of my knowledge upon information and belief.

4. The reason that this verification was made by me and not the plaintiff is that the plaintiff is a corporation, none of whose officers are present in the district.

5. The source of my knowledge is information and records furnished to me by the plaintiff and its underwriters, all of which I believe to be true and accurate.

Dated: New York, New York

July 10, 2007

                                                           _____Joseph De May, Jr.._____

                                                           JOSEPH De MAY, JR. [JD-9105]